**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NICOLE DRAPER, | ) | NO. ED CV 16-799-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **AND ORDER OF REMAND** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS
HEREBY ORDERED that Plaintiff's and Defendant's motions for summary
judgment are denied, and this matter is remanded for further
administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a Complaint on April 26, 2016, seeking review of
the Commissioner's denial of benefits.  The parties filed a consent to
proceed before a United States Magistrate Judge on June 8, 2016.

///

1    Plaintiff filed a motion for summary judgment on September 9,

2  2016.  Defendant filed a motion for summary judgment on October 11,

3  2016.  The Court has taken both motions under submission without oral

4  argument.  See L.R. 7-15; "Order," filed April 29, 2016.

5

6                              **BACKGROUND**

7

8    Plaintiff asserts disability since March 28, 2011, based on

9  alleged physical and mental impairments (Administrative Record

10  ("A.R.") 31-37, 141-51, 198, 213).  Dr. Geetha Puri, Plaintiff's

11  treating psychiatrist, diagnosed major depression, prescribed

12  medication and opined Plaintiff should "remain off work" for an

13  "unlimited" period of time (A.R. 249-56, 518-25).  Nevertheless, the

14  Administrative Law Judge ("ALJ") found Plaintiff's alleged mental

15  impairments to be non-severe (A.R. 12-14).  The Appeals Council

16  considered additional evidence, but denied review (A.R. 1-5).

17

18                          **STANDARD OF REVIEW**

19

20    Under 42 U.S.C. section 405(g), this Court reviews the

21  Administration's decision to determine if: (1) the Administration's

22  findings are supported by substantial evidence; and (2) the

23  Administration used correct legal standards.  See Carmickle v.

24  Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

25  499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner,

26  682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such

27  relevant evidence as a reasonable mind might accept as adequate to

28  support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

1  (1971) (citation and quotations omitted); see also Widmark v.

2  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

3

4      If the evidence can support either outcome, the court may

5      not substitute its judgment for that of the ALJ.  But the

6      Commissioner's decision cannot be affirmed simply by

7      isolating a specific quantum of supporting evidence.

8      Rather, a court must consider the record as a whole,

9      weighing both evidence that supports and evidence that

10      detracts from the [administrative] conclusion.

11

12  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and

13  quotations omitted).

14

15      Where, as here, the Appeals Council considered additional

16  evidence but denied review, the additional evidence becomes part of

17  the record for purposes of the Court's analysis.  See Brewes v.

18  Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers

19  new evidence in deciding whether to review a decision of the ALJ, that

20  evidence becomes part of the administrative record, which the district

21  court must consider when reviewing the Commissioner's final decision

22  for substantial evidence"; expressly adopting Ramirez v. Shalala, 8

23  F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d

24  1228, 1231 (2011) (courts may consider evidence presented for the

25  first time to the Appeals Council "to determine whether, in light of

26  the record as a whole, the ALJ's decision was supported by substantial

27  evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953,

28  957 n.7 (9th Cir. 1993) ("the Appeals Council considered this

information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[1] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found "not severe" . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities. . . .
>
> If such a finding [of non-severity] is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.
>
> * * *
>
> Great care should be exercised in applying the not severe impairment concept.  If an adjudicator is unable to

---

[1]    Social Security rulings are binding on the Administration.  See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1    determine clearly the effect of an impairment or combination

2    of impairments on the individual's ability to do basic work

3    activities, the sequential evaluation process should not end

4    with the not severe evaluation step.  Rather, it should be

5    continued.

6

7  SSR 85-28 at *2-4.  See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th

8  Cir. 1996) (the severity concept is "a de minimis screening device to

9  dispose of groundless claims") (citation omitted); accord Webb v.

10  Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005).

11

12     In the present case, the medical evidence does not "clearly

13  establish" the non-severity of Plaintiff's alleged mental impairments.

14  Dr. Puri, the treating psychiatrist, opined that Plaintiff's alleged

15  mental impairments are not only severe but disabling.  The only other

16  source of medical evidence concerning Plaintiff's alleged mental

17  impairments was a non-examining state agency physician who based his

18  non-severity opinion on his review of an earlier record that did not

19  include any documents authored by Dr. Puri (A.R. 72-73; see A.R. 247).

20  Therefore, given the medical evidence in the current record, the ALJ's

21  "non-severity" finding violated SSR 85-28 and the Ninth Circuit

22  authorities cited above.  See SSR 85-28 at *2 (the types of

23  impairments that may be screened out as non-severe are "of minimal

24  nature which could never prevent a person from working") (citation

25  omitted).

26

27     The respect ordinarily owed to a treating physician's opinion

28  buttresses the Court's conclusion that the ALJ erred.  "As a general

rule, more weight should be given to the opinion of the treating

source than to the opinion of doctors who do not treat the claimant.

. . . ." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations

omitted).  A treating physician's conclusions "must be given

substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.

1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the

ALJ must give sufficient weight to the subjective aspects of a

doctor's opinion. . . .  This is especially true when the opinion is

that of a treating physician") (citation omitted); see also Orn v.

Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference

owed to treating physicians' opinions).  Even where the treating

physician's opinions are contradicted,[2] "if the ALJ wishes to

disregard the opinion[s] of the treating physician he . . . must make

findings setting forth specific, legitimate reasons for doing so that

are based on substantial evidence in the record." Winans v. Bowen,

853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may

disregard the treating physician's opinion, but only by setting forth

specific, legitimate reasons for doing so, and this decision must

itself be based on substantial evidence") (citation and quotations

omitted); see also Lester v. Chater, 81 F.3d at 831 ("[t]he opinion of

a nonexamining physician cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of . . . an

examining physician.").

---

[2]     Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d at 1285; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

To the extent there exists any merit to Defendant's argument that Dr. Puri's opinions were insufficiently explained or supported, the ALJ erred by failing to develop the record further. "The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); accord Garcia v. Commissioner, 768 F.3d 925, 930 (9th Cir. 2014); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ."); Widmark v. Barnhart, 454 F.3d at 1068 (while it is a claimant's duty to provide the evidence to be used in making a residual functional capacity determination, "the ALJ should not be a mere umpire during disability proceedings") (citations and internal quotations omitted); Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record.") (citations omitted). An ALJ's duty to develop the record is "especially important" "in cases of mental impairments." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Celaya v. Halter, 332 F.3d 1177, 1184 (9th Cir. 2003) ("the ALJ has an affirmative responsibility to develop the record, particularly, as

///

///

///

here, where the claimant is unrepresented").[3]

The ALJ's own lay opinions cannot properly refute the medical opinions of Dr. Puri or support a finding of non-severity.  An ALJ's lay opinion regarding medical matters cannot constitute substantial evidence.  See Tackett v. Apfel, 180 F.3d 1094, 1102-03 (9th Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996); Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975).[4]

The Court is unable to deem the errors to have been harmless. See generally, McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011). Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate.  Id. at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper

---

[3]    Plaintiff was unrepresented at the hearing before the ALJ (A.R. 26-46).

[4]    Defendant argues that Dr. Puri's opinion of disability lacks "controlling weight" "because whether a person is disabled under the Social Security laws and regulations is an issue reserved to the Commissioner" (Defendant's Motion at 6).  Even though the issue of disability is "reserved to the Commissioner," the ALJ still must set forth specific, legitimate reasons for rejecting a treating physician's opinion that a claimant is disabled.  See Rodriquez v. Bowen, 876 F.2d at 762 n.7 ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability."); accord Hill v. Astrue, 698 F.3d 1153, 1159-60 (9th Cir. 2012) (same principle applied to a psychologist's opinion of mental disability); see also Social Security Ruling 96-5p ("adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner").

course is remand for additional agency investigation or explanation, except in rare circumstances); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (court will credit-as-true medical opinion evidence only where, inter alia, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

## CONCLUSION

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 17, 2016.


_____
                /s/
          CHARLES F. EICK
   UNITED STATES MAGISTRATE JUDGE